Opinion of the court, by
Judge Hitchcock :
In this case, a number of errors have been assigned by the plaintiff in error, two outy of which have been particularly considered ’by the court. The first is that in which it is substantially alleged, that Barrett, the plaintiff in error, having proven that he was a -constable defacto, the court below refused to let him prove that he committed the act complained of under and by virtue of a warrant, to him .directed, as constable, unless he would first prove *383 ■that he was a constable de jure. The second is that in which it is alleged that Barret, having proven, in addition, that he was duly elected a constable, that he took the necessary oath of office, and gave bond, conditioned for the faithful performance of the duties of his office, in all things conformable to the provisions of the statute, in such case made and provided, except that the same was made payable to the trustees of the township, instead of being made payable to the treasurer, as the law then required, the court below still refused to permit him to prove that the act complained of was committed under and by virtue of a warrant to him directed, as aforesaid, and in pursuance of which warrant, the defendant in error was arrested and imprisoned.
As it respects the first ot those errors, and the question thereon, arising, there is not a perfect coincidence of opinion amongst the members of this court. The principle contended for by the counsel for the plaintiff in error, is one which is recognized and sustained by the Supreme Court in the State of New York, as appears from the case of Potter v. Luther, 3 Johns. 431. The correctness of the principle, too, seems to be sustained by many of the English decisions. Nor is it perceived that any great evil could result from the establishment of such a rule in this state. In a government like ours, where most offices are elective, it can not be believed that there is any danger that any person will presume to discharge the duties of an office, unless he has, at least, some color of right; and should such thing bo attempted, it would be an offense against the law, for the punishment of which ample provision is made.
*On the other hand, it may be urged with propriety, that when an individual is sued in trespass, and would justify on the ground that the act complained of was committed by him while in the discharge of the duties of a public officer, it is in the power of such individual to show conclusively, whether or not he is entitled legally to officiate in such office; and to receive evidence of reputation, or of his being an officer defacto, would seem to be a violation of the rule, which requires that the best evidence which the nature of the case admits of shall be produced. Third persons are not supposed to know whether an officer has taken every necessary step to qualify himself; and, therefore, it is sufficient for them to show that he is such de facto.
As to the second error, above referred to, it is the unanimous *384 opinion of the court, that the exception is well taken, and that the-court of common picas, in making that decision, mistook the law on the subject.
It has been a law of the state from its first organization, and it is a law founded in sound policy, that sheriffs and constables should give bonds with security, conditioned for the faithful discharge of the duties of their respective offices. These officers have important duties to perform. They receive, in the ordinary course of business, large sums of money; and as they are the agents constituted by the law, not only of the law, but in some respects of individuals for whom they act, it is perfectly proper that every convenient method should be adopted to secure the interests of those who are compelled to intrust business in their hands. It would seem to me immaterial, however, to whom the bond is made payable. It is proper this should be fixed bylaw; and convenience dictates that the obligee should be a public officer, or body corporate, where there is perpetual succession. The obligee has no-particular interest in the bond, and if suit is commenced upon it, can not, under any statute, be made liable for costs, in case of failure-in prosecution. The obligee can be viewed in no other light than as a trustee for those who are, or who may become interested.
The statute in force at the time the act complained of in the present case was submitted, required that the constable should give bond in any sum not exceeding two thousand, and not less than four hundred dollars, *wilh one or more securities, resident, etc., conditioned, etc., and payable to the township treasurer. The bill of exceptions states that Barret was duly elected constable ; that he was duly sworn, and that he executed a bond, in-all things conformable to the statute, except that it was made payable to the trustees of the township. Having done this, he proceeded to officiate as constable, and was recognized as such. The question which naturally presents itself here for consideration is, whether the bond thus executed was void. If it was not void, but obligatory on the obligors, the object of the law being to secure the interest of those who should be compelled to intrust business with the officer, that object is attained, and the law has been substantially, although not literally, complied with. A substantial compliance-must excuse the officer. It is all that can, with propriety, be required of him.
Why is such bond void ? Can any other reason be assigned *385 than that it is not according to the letter of the statute ? There is nothing upon the face of it which is illegal. It is not given to secure the performance of an immoral, vicious, or illegal act. The sole object is to secure, on the part of one of the obligors, the performance of duties, which, if no bond had been required, he would have been bound to perform. Suppose there had been no bond required by law, would this bond have been void ? I apprehend not, and it appears to me that the single circumstance that it is required by the statute, that a bond should be made payable-to a different obligee, is not sufficient to destroy its obligatory effects. Upon the whole, I come to the conclusion that the bond,, if not good under the statute, is good at common law, and that any person who should be injured in consequence of the neglect, of the officer to discharge any duty appertaining to his official station, might obtain redress by suit upon it. 1 Wash. 91; 2 Call, 290; 2 H. & M. 459. Such appears to be the opinion of the courts of Virginia, in several cases by them decided. Or it may, perhaps, with more propriety be said, that the opinion of the court in those cases goes rather to establish the doctrine, that a bond, similar to the one under consideration, is substantially in compliance with the statute.
*It is' stated further in the bill of exceptions, that the bond had not been accepted by the trustees. 18 State Laws, 108. The words of the statute then in force, and which have been already referred to, are: “ And every constable within ten days after his election or appointment, and before he enters upon the duties of his office, shall appear before the clerk of the township, and give bond, with one or more sureties, resident in the township, such as the trustees thereof shall approve,” etc. The trustees-as the guardians of the township, are to approve of the sureties. Whether they did so or not, we can ascertain only from the record, or rather from the bill of exceptions, which is a part of the record. It is there stated that Barret “ proved that he had given bond agreeably to the statute, in all respects, except,” etc. From this, it is reasonable to presume that the sureties were approved of, this being one requisition of the statute. It may, perhaps, be thought that this presumption is destroyed by the allegation, that the bond “ had not been accepted by the trustees.” There is certainly a difference between the approval of the “ sureties and the acceptance of the bond” The one will most -naturally precede, and *386 other follow the sealing of the instrument. Any formal acceptance of the bond is believed to be unnecessary. It is to be left with the township clerk, and by him filed away in his office. When it is said that a formal acceptance is unnecessary, I would not be understood that the trustees may not, if they deem the bond insufficient, reject it, and require another. But there are many things which would amount to an acceptance. If the bond is received without objection, it is equivalent to an acceptance. After having received it, and having it filed away by the clerk, in consequence of which the constable proceeds to officiate in his office, neither the trustees nor any other person can be permitted to say that it has not been accepted. To permit this would have a tendency to involve the officer in difficulty, and almost certain ruin. For it will be perceived that, by the law, as recognized by the court of common pleas, that a sheriff or constable who has not specifically and literally complied with every requisition of the law, before proceeding to officiate, although he may have done it sw&slantially, will be liable in ^trespass to every person he shall have arrested, and in trespass or trover for every article of property he shall have seized upon attachment or in execution. Whenever the constable has executed a bond, intended to be in pursuance of the statute, and is not notified that the same is not accepted, he may well suppose that he has done all, in this respect, which can be required of him.
Further, suppose the trustees do not accept the bond, or, in other words, suppose they disapprove of it, what is their duty? If the officer but neglects or refuses to give the bond, it is equivalent to a neglect or refusal to serve in the office. The office is, in fact, vacant. 18 State Laws, 28. By section 15 of the “ act for the incorporation of townships,” it is enacted “ that when by reason of non-acceptance, death, or removal of any person chosen to any office in any township, chosen at the annual meeting, or in case where there is a vacancy, the trustees shall appoint a person to fill such vacancy,” etc. By section 13 of the same act it is provided, “that any person elected to any office under this act, and not exempted by law, who shall neglect or refuse to serve in such office, shall forfeit and pay to, and for the use of the township, the sum of two dollars.” It is .further made the duty of the township clerk to sue for and recover the same. In the case of the constable, if'no bond is executed, the •office is vacant, and the trustees must appoint another person to *387 fill the vacancy. If it be executed, but is not accepted, the same consequence results. It must, of course, follow that if a bond be executed, and no appointment is made, as if to fill a vacancy, the presumption is irresistible that the bond thus made or executed is accepted, especially when the circumstance is added that no prosecution is instituted against the officer elect, for neglecting or refusing to serve in his office.
In the present case it does not appear that any appointment was made to fill the vacancy occasioned by the neglect or refusal of Barret to serve in the office to which he had been elected. It does not appear that he was prosecuted for such neglect or refusal. It does not appear that any exception was taken by those whose duty it was to except, to the bond which he had made and delivered, or .any notice *given to him of such exception. Under these circumstances he might well suppose, and undoubtedly did suppose, that he had taken all the necessary preliminary steps to qualify him to officiate in his office. He proceeded in good faith thus to officiate; and to make him liable in a case like the present, would be unjust and iniquitous in the extreme. It is that kind of injustice and iniquity which the law can not countenance.
Considering, then, that Barret had substantially complied with the law in the giving of bonds, and even if it were not so, that he gave such bonds as were not objected to by the trustees, but were by them considered as sufficient, as is apparent from the circumstance that they did not consider the office vacant, and did not notify him that anything further was required of him, the court of common pleas erred in rejecting the evidence offered by him to prove that the act complained of was done under and by virtue of a warrant directed to him as a constable. Eor this error the judgment of that court, so far as it respects Barret, must be reversed, while it is affirmed as to the other two defendants in the original suit.
The opinion of the court upon this question renders it unnecessary to examine the other errors assigned in the case.†

Note by the Editor. — Constable’s official character is provable by general reputation. The first point made in the above case settled affirmatively, iii. 94. So of a tax eollecclor, v. 215. As to bond of constable, sec also v. 136,